**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**                    Chapter 7
------------------------------------------------------------ x    Case No. 808-73781-reg
In the Matter of ANTHONY J. VITTA,

                        Debtor.
------------------------------------------------------------ x

KENNETH KIRSCHENBAUM,
Chapter 7 Trustee for the Estate of
Anthony J. Vitta,                                              Adv. Proc.  no. 808- 8192-reg
                        Plaintiff,
            - against -

NASSAU COUNTY DISTRICT ATTORNEY and
COUNTY OF NASSAU,

                        Defendants.
------------------------------------------------------------ x

MEMORANDUM DECISION

        Before the Court is a motion by the Nassau County District Attorney and the County of

Nassau for summary judgment against the Chapter 7 Trustee in this adversary proceeding.  The

Chapter 7 Trustee commenced this adversary proceeding seeking turnover of certain property

belonging to the Debtor which was seized by the Nassau County District Attorney prepetition

pursuant to a civil order of attachment. The Debtor agreed to consent to forfeiture of the subject

property to Nassau County as part of a plea agreement in a criminal matter. The Debtor filed the

instant bankruptcy prior to the date that the Debtor entered into a stipulation consenting to

forfeiture of the property. For the reasons set forth below, the Court denies the motion for

summary judgment and finds that as of the date the Debtor filed his petition, the property

previously seized by the County of Nassau remained property of the Debtor's estate and is

subject to turnover to the Chapter 7 Trustee.

### *Background and Facts*

On November 14, 2007, the Debtor was arrested by the Nassau County Police Department and was charged with criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in the fourth degree and criminal sale of a firearm in the third degree.  In conjunction with the criminal proceeding the Nassau County Civil Forfeiture Unit ("CFU") caused an ex parte order of attachment to be submitted to the Nassau County Supreme Court for the State of New York for execution by a judge.  The order of attachment was granted on November 14, 2007 ("Order of Attachment").  On November 14, 2007, the Nassau County Police Department executed the search warrant at the Debtor's home and business premises.  The Nassau County Police Department, pursuant to the Order of Attachment seized currency, watches, jewelry, computers and other miscellaneous property (the "Property").  The Property does not constitute proceeds or substitute proceeds of the criminal enterprise relating to the criminal charges then pending against the Debtor.

On December 7, 2007, the CFU commenced a civil forfeiture action against the Debtor pursuant to Article 13-A of the New York Civil Practice Law and Rules ("CPLR").  The complaint was served on the Debtor on January 3, 2008.  The Order of Attachment was confirmed on January14,2008.  On June 17, 2008, the Debtor pled guilty to reduced felony charges.  One of the conditions to the Debtor's plea was that the Debtor agreed to consent to forfeit the Property.  At the plea hearing before New York Supreme Court Justice Tammy Robbins, Justice Robbins stated that despite the Debtor's guilty plea, she retained the discretion to withdraw the reduced sentence being offered and if the reduced sentence was withdrawn, the Debtor would have the right to withdraw his guilty plea and could proceed to trial.  The Debtor's

criminal case was adjourned to August 14, 2008.

On July 15, 2008 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. On August 28, 2008, the Debtor executed a Stipulation and Order of Settlement and Discontinuance of Action to conclude the civil forfeiture action in Nassau County Supreme Court ("Stipulation").   The Stipulation included a list of the Property. The Stipulation was "so ordered" by Justice Galasso on September 2, 2008.  On October 2, 2008, before the Debtor could be sentenced, the Debtor committed suicide.

On August 28, 2008, the Trustee commenced this adversary proceeding against the Nassau County District Attorney and the County of Nassau (the "Defendants") seeking turnover of the Property pursuant to 11 U.S.C. § § 543(b) and 542, alleging that the Property is property of the Debtor's estate.  On September 23, 2008, the Defendants filed an answer and asserted that the Debtor was divested of his interest in the Property prepetition and therefore the Property never became property of the Debtor's estate.  On December 11, 2008, the Defendants made a motion to dismiss the complaint, which the Trustee opposed.  At the hearing held on January 12, 2009, the Court denied the motion to dismiss the complaint and since both parties relied on materials beyond the complaint in support of their arguments, the Court converted the motion to dismiss to a motion for summary judgment.[1]

### *Discussion*

---

[1]Where matters outside the pleadings are presented and not excluded by the Court, the Court has the discretion to convert a motion to dismiss into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to these proceedings through Bankruptcy Rule 7012.  In this case, the Court has accepted materials outside the pleading and both parties rely on the Stipulation, among other documents, in support of their position.  In addition, the parties have consented to the conversion of the motion to dismiss to a motion for summary judgment.

The Defendants argue that any and all interest the Debtor had in and to the Property was terminated as of the date of the hearing before Justice Robbins where the Debtor pled guilty and agreed to forfeit the Property.  Therefore, as of the date of the petition, the Debtor had no interest in the Property and it never became  property of the estate. Furthermore, based on the legal theory of relation back, title to the Property vested in Nassau County from the time of the illegal acts, on May 18, 2007.  As a result, the Defendants argue that  the Property was not part of the Debtor's estate as of the Petition Date.  The Defendants also assert that the fact that the Stipulation had not been executed or  "so-ordered" as of the Petition Date did not change this result because both actions were merely ministerial and did not constitute the continuation of a judicial proceeding under 11 U.S.C. § 362(a)(1).  Because the forfeiture was completed prior to the Petition Date as a matter of law, the actions which occurred post-petition did not violate the automatic stay.  In the alternative, the Defendants assert that the civil forfeiture proceeding was excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4) as it was a continuation of an action to enforce the Defendants' police and regulatory powers.  Therefore, the actions taken by the Defendants, including the signing and entry of the Stipulation, did not violate the automatic stay.   The Defendants conclude that due to the theory of relation back, the post-petition entry of the Stipulation resulted in vesting the Property with the Defendants as of the date of the commission of the Debtor's criminal acts.

The Trustee asserts that as of the Petition Date, the Debtor still retained an interest in and to the Property, and this interest became property of the Debtor's estate.   The Order of Attachment by itself did not divest the Debtor of his interest in the Property. The Trustee also asserts that the necessity of requiring the execution and the "so ordering" of the Stipulation by a

Judge was not a ministerial act.  The judge specifically retained the right to consider whether to sign the Stipulation, and upon signing the Stipulation, the only ministerial act involved would have been the clerk's entry of the Stipulation on the docket. The Trustee argues that  because all of these acts, and not just the docketing, took place post petition, the automatic stay was violated unless the actions fell within one of the exceptions enumerated in § 362(b) of the Bankruptcy Code.    Finally, the Trustee argues that as the administrator of the Debtor's estate, the Trustee was the only party that could have executed the Stipulation post-petition.  Since the Trustee was not a party to the Stipulation, the Trustee's due process rights were violated.

## *Analysis*

### *1) Standard for Summary Judgment*

Under Federal Rule of Civil Procedure 56(c), made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7056, a court may not grant summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 285-86 (2nd Cir. 2002).  In making this determination, the court is required to resolve all ambiguities and draw all factual inferences in favor of the party opposing summary judgment. *Cifra v. G.E. Co.*, 252 F.3d 205, 216 (2nd Cir. 2001).   It is not the Court's province to weigh the evidence, assess the credibility of witnesses or resolve issues of fact - merely to determine whether genuine issues of material fact exist.  *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2nd Cir. 1995).  In this case, neither party raises any material facts requiring adjudication or discovery.  The essential facts encompassed by this adversary proceeding are

undisputed and therefore summary judgment is appropriate.

## 2) Property of the Debtor's Estate

The fundamental issues raised in this adversary proceeding are whether the Debtor retained an interest in the Property as of the Petition date and whether that interest was transferred to the Debtor's estate as of the Petition Date.  Resolution of these  issues rest in part on whether the Defendants satisfied all of the statutory predicates required to divest the Debtor of any interest he had  in the Property prior to the Petition Date.   According to the Defendants, the prepetition entry of the Order of Attachment was sufficient to divest the Debtor of his interest in the Property, and based on the theory of relation back, the actual date the Debtor lost any interest in the Property is fixed  as of the date the criminal acts were committed.    The Defendants commenced the civil forfeiture action pursuant to Article 13-A of the C.P.L.R., which authorizes the District Attorney having jurisdiction over the offenses committed by the Debtor, as a "claiming authority", to recover real property, personal property and other property of value, which constitute the proceeds, substituted proceeds or instrumentalities of crime. CPLR § 1310[11].[2]  The actual language of Article 13-A of the CPLR is  the starting point for determining whether the Defendants are correct.  *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc*., 447 U.S. 102, 108 (1980).

Article 13-A of the CPLR provides in relevant part as follows:

A civil action may be commenced by the appropriate claiming authority against a

---

[2]The New York Court of Appeals has held that this statute does not limit the claiming authority to attachment of assets that can only be linked directly to the alleged crimes.  Rather, attachment under Article 13-A may be used "to reach any assets of the defendants that could be used to satisfy a potential judgment in the forfeiture action."   *Morgenthau v. Citisource, Inc.,* 68 N.Y.2d 211, 220, 508 N.Y.S.2d 152, 500 N.E.2d 850 (1986).

criminal defendant to recover the property which constitutes the proceeds of a crime, the substituted proceeds of a crime, an instrumentality of a crime or the real property instrumentality of a crime or to recover a money judgment in an amount equivalent in value to the property which constitutes the proceeds of a crime, the substituted proceeds of a crime, an instrumentality of a crime, or the real property instrumentality of a crime. . . . . Any action under this article . . . shall be civil, remedial, and in personam in nature and shall not be deemed to be a penalty or criminal forfeiture for any purpose. Except as otherwise specially provided by statute, the proceedings under this article shall be governed by this chapter. An action under this article is not a criminal proceeding and may not be deemed to be a previous prosecution under article forty of the criminal procedure law.

(a) Actions relating to post-conviction forfeiture crimes. An action relating to a post-conviction forfeiture crime must be grounded upon a conviction of a felony defined in subdivision five of section one thousand three hundred ten of this article, or upon criminal activity arising from a common scheme or plan of which such a conviction is a part, or upon a count of an indictment or information alleging a felony which was dismissed at the time of a plea of guilty to a felony in satisfaction of such count. A court may not grant forfeiture until such conviction has occurred. However, an action may be commenced, and a court may grant a provisional remedy provided under this article, prior to such conviction having occurred.

(b) Actions relating to pre-conviction forfeiture crimes. An action relating to a pre-conviction forfeiture crime need not be grounded upon conviction of a pre-conviction forfeiture crime, provided, however, that if the action is not grounded upon such a conviction, it shall be necessary in the action for the claiming authority to prove the commission of a pre-conviction forfeiture crime by clear and convincing evidence. An action under this paragraph shall be stayed during the pendency of a criminal action which is related to it; provided, that upon motion of a defendant in the forfeiture action or the claiming authority, a court may, in the interest of justice and for good cause, and with the consent of all parties, order that the forfeiture action proceed despite the pending criminal action; and provided that such stay shall not prevent the granting or continuance of any provisional remedy provided under this article or any other provision of law.

CPLR § 1311[1].

The difference between forfeiture actions applicable to post-conviction forfeiture crimes

(which do not include the drug-related felonies with which the Debtor was charged) and

forfeiture actions applicable to pre-conviction forfeiture crimes (which apply in this case) is that with pre-conviction forfeiture crimes, there is no requirement that the defendant be convicted of the crime.  If the defendant is not convicted of the crime, the claiming authority must prove the commission of such a crime "by clear and convincing evidence."  CPLR 1311[1][b]; *Hendley v. Clark,* 147 A.D.2d 347, 349, 543 N.Y.S.2d 554, 556 (3d Dep't 1989).   As a result, the only difference between these two forfeiture provisions is that the commission of a pre-conviction forfeiture crime may be proven, even in the absence of a criminal conviction, by a showing of clear and convincing evidence of the commission of the crime. *Id.*

Under either post- conviction forfeiture or pre-conviction forfeiture, attachment may be obtained as a provisional remedy prior to a conviction, but no actual forfeiture or money judgment is granted until either a conviction is entered, or in the case of a pre-conviction forfeiture proceeding, a finding is made in the civil forfeiture action  that the crime was committed.  "In fact, the civil action [for forfeiture] is stayed during the pendency of the criminal proceeding, but the stay does not prevent the granting of provisional remedies." *Kuriansky v. Bed-Stuy Health Care Corp.,* 135 A.D.2d 160, 164, 525 N.Y.S.2d 225, 227 (N.Y. App. Div. 1988).  The provisional remedy of attachment only "'result[s] in a freezing of defendants' assets and not a forfeiture.'" *In re Wolfson,* 261 B.R. 369, 374 (Bankr. E.D.N.Y. 2001) (citing *Kuriansky v. Bed-Stuy Health Care Corp.,* 135 A.D.2d at 180, 525 N.Y.S.2d at 237)).

In this case, the Defendants acknowledges that the only action which took place prepetition was the seizure of the Property pursuant to the Order of Attachment and the Defendants' guilty plea.  The Stipulation was executed by the parties, "so-ordered" by the court and entered on the docket post-petition.  The entry of the Order of Attachment is a provisional

remedy only, and under the terms of the statute, does not transfer title in and to the property so seized  to the claiming authority.  There is nothing in the applicable statute or case law which supports the Defendants' position that the plea hearing alone served to transfer title in the Property to the Defendants.  This contention is not even supported by the transcript from the plea hearing itself.  Justice Robbins acknowledged that her offer of a reduced sentence was just an offer.  She also stated that she retained the right to withdraw the offer, and if she did so, the Debtor could withdraw his guilty plea and proceed to trial.    Since no order was entered either convicting the Debtor or finding that the Defendants had proven by clear and convincing evidence that the felonies had been committed, there could be no forfeiture order.  Without entry of such forfeiture order prior to the Petition Date, the Property remained property of the Debtor's estate.

Because the Court finds that the Property was property of the estate as of the Petition Date, the Defendants' argument that the post-petition act of signing the Stipulation by the Defendant and the "so-ordering" of the Stipulation by Justice Galasso was a ministerial act fails as a matter of law.  It is well settled that acts taken in violation of the automatic stay are void and of no effect.  *Kalb v. Feuerstein*, 308 U.S. 433, 439-440 (1940) (citing *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353 (1920)); *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427, 431 (2d Cir.1987);  *Maritime Elec. Co. v. United Jersey Bank.*, 959 F.2d 1194, 1206 (3d Cir.1991); *In re Shamblin*, 890 F.2d 123, 125-26 (9th Cir.1989).  The Defendants assert that the actions which took place post petition, including the "so-ordering" of the Stipulation by Justice Galasso,  were  ministerial acts, and not violative of the automatic stay.  Case law is clear that judicial proceedings are not concluded until the judge directs entry of a judgment.  If the judge

has not decided the merits prepetition, then any acts taken by the judge subsequent to the filing is a violation of the automatic stay.  *See Teacher's Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 66 (2d Cir.1986) (clerk's subsequent entry of a judgment after the automatic stay became effective did not violate the automatic stay because the judge had rendered its decision prepetition).  An analysis of the very statutes relied upon by the Defendant makes it abundantly clear that under no circumstances can the post-petition events in the forfeiture action, including the Debtor's execution of the Stipulation, be deemed "rote" or "ministerial."

The Defendants argue in the alternative that the post-petition acts which occurred in the forfeiture action were exempt from the automatic stay, and that once the Stipulation was "so ordered" by Justice Galasso, the forfeiture was deemed to have occurred on the date the illegal acts took place. The Defendants assert that this is sufficient to divest the Debtor of any interest in the Property prior to the petition date.  The Defendants base their argument on the legal doctrine of  relation back, which is set forth in *U.S. v. Stowell,* 133 U.S. 1 (1890).  *U.S. v. Stowell* does stand for the proposition under common law that if,  upon the commission of a crime, the property used in or connected with the criminal act is to be forfeited, the forfeiture is deemed to have taken effect at the time the offense is committed.  *U.S. v. Stowell,* 133 U.S. at 16-17.  *U.S. v. Stowell* has been codified in various federal forfeiture statutes including  21 U.S.C. § 853(c), the Federal Comprehensive Forfeiture Act, which provides that "all right, title, and interest in [forfeitable] property . . . vests in the United States upon the commission of the act giving rise to forfeiture under this section."   In contrast, Article 13-A of the CPLR only applies to civil forfeiture proceedings commenced in New York state courts under New York law.  Furthermore, there is nothing in the language of Article 13-A providing that title in the forfeited vests with the

claiming authority as of the commission of the crime. The court in *Kuriansky v. Bed-Stuy Health Care Corp.,* 135 A.D.2d at 175, 525 N.Y.S.2d at 234, pointed out this difference between the federal forfeiture statutes and forfeitures under Article 13-A of the CPLR as well, and noted that the relation back provisions of this statute only permits forfeiture against third parties in limited circumstances which are not applicable in this case.  In *In re Wolfson,* Judge Bernstein held that under Article 13-A of the CPLR, the defendant was divested of his interest in the forfeited assets as of the date of entry of the stipulation and order, which took place prepetition.  261 B.R. at 374.   There is no case cited by the Defendants which finds that relation back applies in an Article 13-A forfeiture. proceeding.[3]

Given that relation back is not applicable in this case, the Property did not  vest in the Defendants prepetition.  Therefore, the issue of whether the actions taken by the Defendants post- petition were exempt under section 362(b)(4) of the Bankruptcy Code is not relevant to this analysis.

**3)** *Applicability of the Automatic Stay*

Even if the Court were to decide this issue, nothing would change the Court's finding that the Property belonged to the Debtor as of the Petition Date.  The Defendants' assertion that the execution and "so-ordering" of the Stipulation did not violate the automatic stay is based on the Defendants' belief that the post-petition actions taken by the Defendants are exempt from the automatic stay under 11 U.S.C. § 362(b)(4).  According to the Defendants, all of the actions

---

[3]The Defendants' reliance on *In re Chapman,* 264 B.R. 565 (B.A.P. 9th Cir. 2001) is misplaced as well.  *In re Chapman* involved a forfeiture action commenced by the federal government pursuant to 21 U.S.C. § 881 which specifically provides that title in the forfeited property vests in the federal government as of the date of the criminal activity.  Article 13-A of the CPLR has no similar provision.

taken by the Defendants post-petition fall within this exemption, including having the Stipulation "so ordered" by Justice Galasso.  However, the language of section 362(b)(4) makes clear that under this subsection, acts taken by the government in furtherance of its police or regulatory powers to enforce a judgment "other than a money judgment" are exempt from the automatic stay.  Therefore, any action to enforce the Stipulation and seize the Property, which belongs to the Debtor, would violate the automatic stay. *In re Chapman,* 264 B.R. at 571.

Any rights the Defendants have in the forfeiture action result in a claim against the Debtor's estate.  The Defendants may file a claim in this case and have their rights adjudicated in the claims process along with the other claimants in the Debtor's case.

### Conclusion

For the reasons set forth in this Memorandum Decision, the Court finds that the Property was property of the Debtor's estate as of the Petition Date. The civil forfeiture proceeding did not divest the Debtor of title to the Property. Therefore, the Trustee is entitled to judgment in his favor in this adversary proceeding, and the Defendants are directed to turn over the Property to the Trustee. A separate order memorializing these findings shall be entered forthwith.

Dated: Central Islip, New York
     March 2, 2009                  By: ***/s/ Robert E. Grossman***
                                       Robert E. Grossman
                                       United States Bankruptcy Judge