**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**                    Chapter 7
-------------------------------------------------------------- x      Case No. 808-73781-reg
In the Matter of ANTHONY J. VITTA,


                        Debtor.


-------------------------------------------------------------- x

KENNETH KIRSCHENBAUM,
Chapter 7 Trustee for the Estate of
Anthony J. Vitta,                                            Adv. Proc. No. 808-8192-reg
                        Plaintiff,
         - against -

NASSAU COUNTY DISTRICT ATTORNEY and
COUNTY OF NASSAU,

                        Defendants.
-------------------------------------------------------------- x


MEMORANDUM DECISION


        Before the Court is a motion by the Nassau County District Attorney ("DA") and the

County of Nassau (the "County") (collectively, the "Defendants") seeking reconsideration of the

Court's Memorandum Decision ("Decision") and Order dated March 2, 2009 denying the

Defendants' motion for summary judgment in this adversary proceeding.  The Defendants move

for relief pursuant to Fed. R. Civ. P. 60(b)(1) ("Rule 60(b)(1)") due to alleged mistakes of fact and

law contained in the Decision ("Motion").  For the reasons set forth below, the Motion is denied,

except to correct that the forfeiture action commenced by the D.A. against Anthony J. Vitta (the

1

"Debtor"), who committed suicide after filing a petition for relief under Chapter 7 of the Bankruptcy Code, was an action relating to post-conviction forfeiture crimes under section 1311[1](a) of the New York Civil Practice Law and Rules ("CPLR"), and not an action relating to pre-conviction forfeiture crimes under section 1311[1](b) of the CPLR. This correction is critical because it fundamentally alters how the Court reached its conclusion that the property at issue in this adversary proceeding is property of the Debtor's estate. Because the Defendants commenced a post-conviction civil forfeiture proceeding and not a pre-conviction forfeiture proceeding, the timely entry and existence of a conviction is a condition precedent to the success of the forfeiture proceeding. As a result of the Debtor's death, the entire criminal proceeding, including the plea agreement entered into by the Debtor, was abated and vacated after the Decision was rendered but before the hearing on the Motion. Since as a matter of law there is no conviction of the Debtor, the post-conviction forfeiture action as set forth in the relevant statute must be dismissed and is of no force an effect as to the Property. Therefore, the Property remains property of the Debtor's estate, and is not currently subject to any claim by the Defendants. To the extent the Defendants seek a correction that the Debtor's plea was the equivalent of a conviction, and to correct that the Debtor's property consisting of jewelry, watches and cash (the "Property") was seized by the Nassau County Police Department pre-petition pursuant to search warrants, and not pursuant to the pre-petition order of attachment obtained by the Defendants, the Court finds that these corrections will not result in a change in the Court's analysis or the outcome of the Decision. Furthermore, the Court did not make a mistake of fact by failing to consider whether the Debtor ever had legal title to the Property, which was not raised by the Defendants at the time the underlying motion was heard. The portion of the Decision which discusses whether the exception

2

to the automatic stay under Bankruptcy Code § 362(b)(4) applies to any act by the Defendants to take possession or title to the Property is vacated as the Defendants no longer have the right to exercise control over the Property.  To the extent that the Defendants seek to commence a forfeiture action against the Property pursuant to the same forfeiture statute in state court, which was alluded to in their papers and at the hearing on the Motion, such action will not be stayed by virtue of Bankruptcy Code § 362(b)(4), and the Trustee shall have the right to assert any defenses it has under the Bankruptcy Code including those granted under Bankruptcy Code § 544(a).

### Background and Facts

Familiarity with the Decision is assumed. The Decision and Order, both of which were entered on March 3, 2009, memorialized the Court's decision in connection with the Defendants' motion to dismiss the adversary proceeding commenced by the Kenneth Kirschenbaum, Esq., the Chapter 7 trustee (the "Trustee").  In the adversary proceeding, the Trustee sought a determination as to whether the Property, which was seized by the Nassau County Police Department from the Debtor prepetition, and against which the DA had obtained an order of attachment prepetition, was property of the Debtor's estate as of July 15, 2008, the date the petition was filed ("Petition Date").  The Court, with the consent of the Trustee and the Defendant, had converted the Defendants' motion to dismiss the adversary proceeding into a motion for summary judgment. The Defendants raised the following arguments in support of their motion:

1) Under the theory of relation-back, the Property no longer constituted property of the Debtor's estate as of the date of the Debtor's illegal acts, which allegedly occurred on May 18, 2007.

2) The post-petition "so-ordering" of the Stipulation and Order of Settlement and Discontinuance of Action dated September 2, 2008 (the "Stipulation") was a ministerial act, despite the fact that

as of the Petition Date, the Stipulation had not been signed by the Debtor or the Defendants, "so-ordered" by the state court, or entered on the docket as of the Petition Date.  The Debtor's entry of a guilty plea prior to the Petition Date resulted in forfeiture of the Property.

3) Pursuant to 11 U.S.C. § 362(b)(4), the automatic stay did not apply to any aspect of the forfeiture action which took place post-petition.

In support of the underlying motion, the Defendants filed with the Court a copy of the summons and complaint in the civil forfeiture action under Article 13-A of the CPLR, which action was commenced on December 7, 2007, a copy of the transcript from the Debtor's plea hearing before Justice Tammy Robbins, in which she refers to the charges against the Debtor set forth in an information filed with the criminal court, and a copy of the Stipulation.  In the Decision, this Court found that relation-back did not apply to civil forfeiture proceedings commenced under Article 13-A of the CPLR pursuant to the statutory language and the relevant case law interpreting this statute, that the execution and "so-ordering" of the Stipulation was not exempt from the automatic stay as a ministerial act, and that the continuation of the forfeiture action post-petition up to judgment against the Debtor was excepted from the automatic stay under Bankruptcy Code § 362(b)(4), but any action by the DA to take possession of the Property would be stayed.

On March 13, 2009, the Defendants filed the Motion.  On April 15, 2009, the Trustee filed opposition to the Motion, and alerted the Court that the Debtor's criminal conviction had been vacated on April 6, 2009.  According to the Trustee, the Debtor's criminal case continued to appear on the criminal court calendar for sentencing after the Debtor had committed suicide, and the DA requested adjournments of the sentencing seven times from October 14, 2008 to April 6,

4

2009.  At the adjourned hearing on April 6, 2009, the District Attorney was handed a copy of the Debtor's death certificate by an individual from the Trustee's office.  Upon receipt of the Defendants' death certificate, the State Court dismissed the criminal proceeding of record and the criminal court docket reflects that the criminal charges against the Debtor were abated on April 7, 2009.  *See* Exhibit to Affirmation of the Trustee in opposition to the Motion.  Thus, it appears that the criminal action pending against the Debtor only continued after his death because the DA failed to provide the criminal court with a copy of the Debtor's death certificate, and asked for adjournments at each hearing after the Debtor's death.  On April 29, 2009, the Defendants filed a reply to the Trustee's opposition, and a hearing was held on May 6, 2009.  Thereafter, the matter was marked submitted.[1]

According to the Defendants, the Decision contained the following factual errors warranting relief from the Court's decision: 1) the Court incorrectly concluded that the forfeiture action was a pre-conviction forfeiture action and not a post-conviction forfeiture action, 2) the Decision incorrectly states that the Debtor was not convicted prior to the Petition Date, 3) the Decision incorrectly states that the criminal proceedings were adjourned after the Debtor entered his plea prepetition, 4) the Decision incorrectly states that the Property did not constitute proceeds or substitute proceeds of the criminal enterprise relating to the criminal charges against the Debtor, and 5) the Court failed to address the Defendants' alternate legal argument that the Debtor

---

[1]By letter dated June 8, 2009, the Defendants requested that the Court accept a letter briefing two recent decisions issued by a bankruptcy court outside of the Second Circuit regarding applicability of Bankruptcy Code section 362(b)(4) and other issues not previously raised in their moving papers.  The Court advised the Defendants that no further briefing was required, but the Court has reviewed the cases in question, *In re Winpar Hospitality Chattanoga, LLC,* 401 B.R. 289 (Bankr. E.D. Tenn. 2009) and *In re Winpar Hospitality Chattanooga, LLC,* 404 B.R. 291 (Bankr. E.D. Tenn. 2009).

never acquired a legally cognizable interest in the Property because it derived from the Debtor's

criminal activities.   According to the Defendants, these findings were incorrect and as a result,

they significantly affected the Court's analysis of the Defendants' arguments, and the Court is

required to correct these errors under Rule 60(b)(1).   Lastly, the Defendants assert that the Court

committed an error of mixed fact and law when the Court found that the post-petition actions by

the DA, including any attempt to take control of the Property, did not constitute an exception to

the automatic stay under Bankruptcy Code § 362(b)(4).

### *Legal Standard*

The applicable statue governing the Motion is Rule 60(b)(1), made applicable to this

matter pursuant to Fed. R. Bankr. P. 9024.   Rule 60(b)(1) states as follows:

> (b) Grounds for Relief From a Final Judgment, Order or Proceeding.
>
> On motion and just terms, the court may relieve a
> party or its legal representative from a final judgment, order, or
> proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect.

Fed. R. Civ. P. 60(b)(1).

> As stated by the Court of Appeals for the Second Circuit:
>
> Rule 60(b) sets forth the grounds on which a court, in its discretion, can rescind or
> amend a final judgment or order.... Properly applied, Rule 60(b) strikes a balance
> between serving the ends of justice and preserving the finality of judgments.... In
> other words it should be broadly construed to do 'substantial justice,' ..., yet final
> judgments should not 'be lightly reopened.'

*Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986) (citations omitted).

Rule 60(b) cannot be used as a remedy for which an appeal would be a more appropriate.

*Ivor B. Clark Co. v. Hogan,* 296 F. Supp. 407, 410 (S.D.N.Y. 1969) (citing *Hines v. Seaboard*

*Airline R. Co.*, 341 F.2d 229, 231 (2d Cir. 1965); and *Wagner v. United States,* 316 F.2d 871, 872 (2d Cir. 1963)).  Furthermore, a Rule 60(b) motion is "properly granted only upon a showing of exceptional circumstances."  *Marrero Pichardo v. Ashcroft,* 374 F.3d 46, 55 (2d Cir. 2004) (*quoting United States v. International Broth. of Teamsters,* 247 F.3d 370, 391 (2d Cir. 2001)).  Under Second Circuit authority, a Rule 60(b) motion may be made to correct a court's own mistake of law or fact so long as such motion is made before the time for appeal expires.  *In re 310 Assocs.,* 346 F.3d 31, 34 (2d Cir. 2003), *citing Schildaus v. Moe,* 335 F.2d 529, 531 (2d Cir. 1964) (other citations omitted); and *International Controls Corp. v. Vesco,* 556 F.2d 665, 670 (2d Cir. 1977), *cert denied,* 434 U.S. 1014, 98 S. Ct. 730, 54 L.Ed.2d 758 (1978).  Relief under Rule 60(b) (1) is also appropriate where a court has overlooked an argument or facts which were put before the court in the underlying motion.  *Rumsey v. New York State Dep't of Corr. Servs.,* 580 F. Supp. 1052, 1055-56 (N.D.N.Y. 1984).   The mistake at issue must be material which changed the outcome of the court's judgment. *Matura v. U.S.*, 189 F.R.D. 86, 90 (1999) (citing *Fetik v. New York Law School,* 97 Civ. 7746, 1999 WL 459805, at *4 (S.D.N.Y. June 29, 1999)).

### *Legal Analysis*

The Court will consider each of the issues raised by the Defendants in the order of their significance to the Decision.

1)  Whether the Court's conclusion that the DA commenced a pre-conviction civil forfeiture action and not a post-conviction forfeiture action constitutes a factual error subject to correction under Rule 60(b)(1)

The Decision includes a discussion of pre-conviction civil forfeitures and post-conviction civil forfeitures, and a conclusion by the Court that the DA had commenced a pre-conviction civil

forfeiture action against the Debtor.  The record was barren as to any mention of either type of

forfeiture action.  During oral argument, the only reference made by counsel to the Defendants

was to a pre-conviction civil forfeiture.  At the hearing on the Motion on January 12, 2009, the

following reference to a pre-conviction forfeiture action was made by counsel to the Defendants in

response to a question by the Court regarding the effect the Debtor's death would have on the

forfeiture action:

Your Honor, if I may, we had the similar case, Dillon v.
Vorbeck, several years ago where the defendant
committed suicide before he was even convicted. However, the
state forfeiture law permits us to bring a forfeiture action in
a drug case, which this particular - this present case is even
without a conviction, even without an arrest, which is known
as a preconviction forfeiture in New York State forfeiture parlance.
We continued the forfeiture and we obtained an
$800,000 dollar settlement of the forfeiture.  Death of the
defendant, while it abates the criminal action and the appeal,
for example, would be voided.  The criminal case is not necessary;
the commission is not necessary for the continuation. In the present
case, we went even further.  We had a conviction.  He had pled. Now, there
was not a judgment of conviction since there was no sentence but all
that forfeiture law would require, even if it was not a drug case, would be
have been a conviction and that was had - -
Transcript of January 12, 2009 hearing at p. 9.


        Based on these representations, the Court concluded that the Defendants had commenced a

pre-conviction civil forfeiture action, which does not require a conviction prior to forfeiture.   The

Defendants now clarify that they actually commenced a post-conviction forfeiture action under

Article 13-A of the CPLR. As this Court noted in the Decision, a fundamental difference between

these two forfeiture actions is the quantum of proof necessary to obtain an order of forfeiture.  In

the case of a pre-conviction civil forfeiture action, there is no statutory requirement of a

8

conviction.  In a post-conviction civil forfeiture action, there can be no order of forfeiture without a conviction.

The Court's conclusion was in error, and it is necessary to correct the record given the subsequent abatement of the criminal action in this case.  Although the Defendants did not raise this in their Rule 60(b) pleadings at the outset, the Trustee raised the issue of the abatement of the criminal proceedings in their opposition to the Motion.  The Defendants responded to this issue in their reply papers by stating that the abatement of the criminal proceedings has no effect whatsoever on the civil forfeiture action, including the validity of the Stipulation.  The effect of the Debtor's death on the civil forfeiture action was also raised by the Court at the hearing on the underlying motion for summary judgment.  The Court had questioned whether the death of the Debtor would void the criminal proceedings altogether and whether the forfeiture action would abate as well. Counsel to the Defendants replied that the criminal case would ultimately be abated upon receipt of the Debtor's death certificate.   Counsel failed to answer the direct question asked by the Court regarding the effect of the Debtor's death on the forfeiture action.  Whether counsel's failure to answer this question was purposeful is not clear, but it raises questions to the Court regarding counsel's intent, especially in light of the DA's continued adjournment of the criminal action months after the Debtor died.   To the extent the issue does not fall within the parameters of Rule 60(b)(1), the Court finds that it is appropriate to consider the effect of the abatement of the criminal proceeding under Rule 60(b)(5), which permits the Court to reconsider its judgment if it is based on a prior judgment which has been vacated.

The Court must now apply the applicable law to the facts as corrected, which changes the Court's analysis in the Decision.  A post-conviction forfeiture action may be commenced against a

"criminal defendant" who is defined as a person that has been convicted of any felony found in the Penal Law or any other chapter of the consolidated laws of the State.  CPLR  § 1310[5].   In order for the claiming authority to obtain forfeiture in a post-conviction forfeiture action, the criminal defendant must be convicted.  CPLR § 1311[1](a); *Holtzman v. Samuel,* 130 Misc.2d 976, 979, 495 N.Y.S.2d 583 (N.Y. Sup. 1985).   As a result, a  post-conviction civil forfeiture action is dependent upon and related to the criminal proceedings brought against the criminal defendant.  *In re Wolfson,* 261 B.R. 369, 377 (Bankr. E.D.N.Y. 2001).  If there is no criminal conviction, there can be no *in personam* judgment or forfeiture of personal assets under this statute.  *Morgenthau v. Citisource, Inc.,* 68 N.Y.2d 211, 213-14, 500 N.E.2d 850, 508 N.Y.S.2d 152 (1986).  In addition, a post-conviction forfeiture action "must be dismissed at any time after sixty days of the commencement of the [civil forfeiture] action unless the conviction upon which the action is grounded has occurred, or an indictment or information upon which the asserted conviction is to be based is pending in a superior court."   CPLR § 1311[1](a).   In this case, the Defendants assert that the criminal conviction was encompassed in the Debtor's guilty plea before Justice Tammy Robbins.  *People v. Hardin,* 67 A.D.2d 12, 16, 414 N.Y.S.2d 320, 322 (1st Dep't 1979).  The plea, along with the entire criminal case against the Debtor, including the information, have been abated.  *See U.S. v. Wright,* 160 F.3d 905, 908 (2d Cir. 1998) (when a convicted defendant dies during direct appeal, his death abates the appeal and the criminal proceedings from their inception).  "Abatement" has been defined under common law to mean:

> the entire overthrow or destruction of the action, which results when the defendant pleads a matter that defeats the action, either for the time being or permanently. An action which has been abated is dead, and any further enforcement of the cause of action, requires the bringing of a new, action, provided that a cause of action remains.

2A Carmody-Wait 2d, N.Y. Prac. § 11.1.  The practical effect of the abatement of the criminal action is to render the Stipulation, which is based on the plea entered in the criminal action, a nullity.  First, there is no information or indictment pending against the Debtor and there is no conviction, so the forfeiture action must be dismissed pursuant to CPLR 1311[1](a).  Second, the Stipulation provides that it shall remain in full force and effect "regardless of the ultimate disposition of any potential criminal charges" giving rise to the forfeiture action, but does not state that it shall remain in full force and effect if the criminal action is abated.  (Ex. 3 to Rebecca Winer Affidavit).  Since abatement of the criminal action forecloses any disposition of the criminal charges, this provision cannot serve to preserve the forfeiture granted under the Stipulation.   The language of the forfeiture statute also requires a finding that the forfeiture action be treated as a nullity, because it requires dismissal of a post-conviction forfeiture action if there is no conviction within sixty days of commencement of the action, or if there is no information or indictment in the pending criminal action.  Because of the abatement of the criminal action, neither the indictment nor the information remain of record and as a result, there can be no post-conviction forfeiture action.  In sum, it is axiomatic that a post-conviction forfeiture action requires a conviction, which conviction can never occur as a result of the Debtor's untimely death.  Based on these findings, the Property remains part of the Debtor's estate.  The Defendants have no right to retain the Property because they do not have title to the Property, and they no longer have a valid order of attachment against the Property.

While the Defendants assert that the fact that they commenced a post-conviction forfeiture action is significant, they argue that the abatement of the Debtor's conviction has no impact on the forfeiture action because it is a civil, remedial proceeding and survives the death of the Debtor.

11

Aside from ignoring the statutory requirements that a conviction is a necessary component of a post-conviction forfeiture action and the post-conviction civil forfeiture action must be dismissed under the facts of this case, the Defendants' argument is not supported by applicable case law. To bolster their argument that the civil forfeiture action survives the death of the Debtor, the Defendants cite to various sections of the New York Estates, Powers and Trusts Law which permits a representative of a decedent's estate to be substituted in a civil action. The fact that a representative of the Debtor's estate could be substituted for the Debtor in a civil action has no bearing on whether the Stipulation retains validity after abatement of the criminal proceeding. The Defendants also cite to *People v. Mintz*, 20 N.Y.2d 753, 229 N.E.2d 712, 283 N.Y.S.2d 120 (1967), and *U.S. v. Land, Winston County,* 221 F.3d 1194 (11th Cir. 2000). However, the *Mintz* case merely stands for the proposition that upon the death of a criminal defendant during an appeal, the entire criminal prosecution is abated. As a result, the holding of the *Mintz* case does nothing to support the Defendants' position. *U.S. v. Land, Winston County* is distinguishable because it concerns whether the death of a property owner during a civil forfeiture action abates an *in rem* forfeiture action. The Eleventh Circuit was not called on to determine whether abatement of a criminal conviction had any effect on an *in personam* civil forfeiture action similar to the forfeiture action commenced by the DA against the Debtor.

The Court of Appeals for the Second Circuit has not ruled on whether the abatement of a criminal action should apply to a related order of forfeiture or restitution. *U.S. v. Wright,* 160 F.3d at 908. However, the Second Circuit has noted that the relevant issue for determining whether abatement applies to an order of forfeiture or restitution is whether the order of forfeiture or restitution is punitive and intended to punish the criminal defendant or whether the purpose of the

12

action is to compensate the victims of a crime. *Id.* Although by its own terms, an Article 13-A

forfeiture action is "civil, remedial and in personam in nature and shall not be deemed to be a

penalty or criminal forfeiture for any purpose," it is remedial only in the sense that one of the

purposes of this forfeiture statute is to deter others from committing such crimes. *In re Wolfson,*

261 B.R. at 377. There are no victims to be compensated in this forfeiture action, and to view the

forfeiture action as either purely compensatory or purely penal is incorrect. It is a civil action

dependent upon a criminal conviction. *In re Wolfson,* 261 B.R. at 377. Its twin purposes are to

deter others from committing crimes and to take the profit out of crime. *Morgenthau v.*

*Citisource, Inc.,* 508 N.Y.S.2d at 154-55. It is apparent that, regardless of the stated purpose of

this forfeiture statute, the resulting forfeiture does exact a penalty on the defendant and does not

compensate any specific victim.

      This understanding of the true nature of the forfeiture action comports with the Supreme

Court's analysis of civil forfeitures under 21 U.S.C. § 881(a)(4) and (7) pertaining to drug

offenses. In *Austin v. United States,* 509 U.S. 602, 113 S. Ct. 2801, 125 L.Ed.2d 488 (1993), the

Supreme Court held that while forfeiture statutes may have remedial goals, they historically

served to punish as well. According to the Supreme Court, this is particularly true where the

forfeiture statute seeks to punish the party guilty of the wrongdoing, and not an innocent owner of

the property to be forfeited. *Austin v. U.S.,* 509 U.S. at 619, 113 S. Ct. at 2810, 2811. While

post-conviction forfeitures under Article 13-A of the CPLR are not identical to the forfeiture

statute analyzed by the Supreme Court, both statutes require that the criminal defendant be

culpable of a criminal offense prior to forfeiture. The Court finds the Supreme Court's reasoning

in *Austin v. U.S.* is equally applicable and supports this Court's conclusion that forfeiture under

Article 13-A of the CPLR has an unmistakable punitive element.

Even if the Court were to adopt the Defendants' argument that the Stipulation remains valid regardless of the abatement of the criminal proceedings against the Debtor, the Defendants cannot point to any authority which permits a Chapter 7 debtor to enter into a post-petition agreement to transfer property of the estate to a third party without the consent of the trustee. This is because a debtor has no power to transfer property of the estate once a petition is filed. *In re Atravasada Land and Cattle Inc.,* 388 B.R. 255, 269 (Bankr. S.D. Tex. 2008). If the Stipulation is stripped of any reference to the abated criminal action and is viewed merely as an agreement by the Debtor to transfer the Property to the Defendants, it would be unenforceable. Any such transfer of property of the estate would also be subject to recovery by the Trustee under Bankruptcy Code § 549(a). Standing alone, the Stipulation cannot be honored because once the petition was filed, only the Trustee had the authority to use, sell or lease property of the estate pursuant to Bankruptcy Code § 363. Furthermore, Bankruptcy Code § 363 requires prior notice and a hearing before any use or sale of property of the estate outside the ordinary course of business can be approved. An agreement by a debtor to transfer property of the estate without prior notice and a hearing is void and of no force and effect. *In re Koneta,* 357 B.R. 540, 543 (Bankr. D Ariz. 2006).

2. Whether the Court's conclusion that the Property did not represents the proceeds of the crimes committed by the Debtor constitutes a factual error subject to correction under Rule 60(b)(1)

The Property consists of U.S. currency in the amount of $37,694.90, and assorted watches and jewelry of an undetermined value. Except for a small amount of the cash, the Nassau County Police Property Bureau has continuously held the Property. According to the Defendants, the

14

affidavits and exhibits submitted by the Defendants in support of their summary judgment motion do not establish "or even suggest" that the Property does not represent the proceeds of crimes. The Defendants further argue that this mistake of fact affected the Court's analysis of its legal arguments in the underlying motion. In support of their motion for summary judgment, the Defendants submitted a copy of the summons and complaint in this adversary proceeding, the summons and verified complaint in the civil forfeiture action, a copy of the transcript of the plea hearing before Justice Tammy Robbins, and a copy of the Stipulation. The Defendants also submitted a one-page affidavit by Marc E. Weiman, Esq., Deputy County Attorney for the County of Nassau, in which he states that his office did not participate in the Section 341 meeting held on August 21, 2008 because his office did not receive notice of the Debtor's bankruptcy, and that the Debtor committed suicide on October 2, 2008. In addition, the Defendants submitted an Affidavit of Rebecca Winer, an Assistant District Attorney for Nassau County. The Stipulation contains a reference to the Property as proceeds, substitute proceeds and/or instrumentalities of the Debtor's criminal conduct, as does the Affidavit of Rebecca Winer. These references track the language of Article 13-A of the CPLR, and do nothing more than support a finding that the Defendants were relying on this forfeiture statute as the basis for seeking forfeiture of the Property. The statute itself uses the same language, stating that a civil action may be commenced against a criminal defendant "to recover the property which constitutes the proceeds of a crime, the substituted proceeds of a crime, an instrumentality of a crime or the real property instrumentality of a crime or to recover a money judgment in an amount equivalent in value to the property which constitutes the proceeds of a crime, the substituted proceeds of a crime, an instrumentality of

15

crime, or the real property instrumentality of a crime." CPLR § 1311[1].[2]   Case law is clear that

this particular forfeiture statute does not require that the assets subject to the provisional order of

attachment be traceable to the alleged crimes.  They can include any assets of the criminal

defendant which could be used to satisfy a potential judgment in the forfeiture action.

*Morgenthau v. Citisource, Inc.,* 68 N.Y.2d at 220.  The Defendants recognized this in the civil

forfeiture complaint, pursuant to which the Defendants sought either forfeiture of the proceeds or

substitute proceeds of the criminal acts or a monetary judgment equivalent to the value of such

items.

The Defendants also filed additional exhibits in support of their Motion, which were not

part of the record during the underlying proceedings, including a declaration by Rebecca Winer

explaining that the Property was initially seized from the Debtor's residence and business address

pursuant to search warrants issued pursuant to two orders signed by Justice Frank A. Gulotta on

November 9, 2007, after a lengthy investigation of the Debtor's drug sale activities.  The

Defendants also submitted a copy of the Debtor's confession, and an affidavit by Thomas Kelly, a

member of the Nassau County Police Department, which was submitted in support of the motion

for the order of attachment issued in connection with the civil forfeiture proceedings.  These

additional exhibits are part of the criminal action, which has been abated.  There is no allegation

that they are newly discovered evidence, and there is no allegation that they were not in the

Defendants' possession at the time of the hearing on the motion for summary judgment.  In fact, at

---

[2]"Proceeds of a crime" means "any property obtained through the commission of a felony
... and includes any appreciation in value of such property." CPLR § 1310[2]. "Substituted
proceeds" "means any property obtained by the sale or exchange of proceeds of a crime, and any
gain realized by such sale or exchange." CPLR § 1310[3].

the close of the hearing during the underlying proceedings, the Court gave the Defendants an opportunity to supplement their motion with any additional documents they wished to submit, and the Defendants declined to do so. The Defendants' decision to refrain from submitting these other documents which they now rely on does not warrant granting of relief under subsection (1) of Rule 60(b).  Where the mistake complained of is substantially due to the party's own neglect or choice of conduct, the party is not entitled to relief from the judgment.  *See Paddington Partners v. Bouchard,* 34 F.3d 1132, 1147 (2d Cir. 1994) (failure to marshal all known facts in connection with a motion for summary judgment does not constitute grounds for relief under Rule 60(b)); *Moolenaar v. Government of Virgin Islands*, 822 F.2d 1342, 1347 (3d Cir.1987) (district court abused its discretion by granting plaintiff's relief under Rule 60(b) where plaintiff was partly responsible for not presenting the new evidence prior to the original judgment); *Kahle v. Amtorg Trading Corp*., 13 F.R.D. 107, 108-09 (D.N.J.1952) (court denied plaintiffs' Rule 60(b) motion when they sought to introduce documents that they recently discovered in their files).

Even if the Court were to permit these additional documents into the record in support of the Defendants' argument, a finding that the Property did constitute proceeds of the Debtor's criminal enterprise would not change the Court's analysis of whether the Property was property of the Debtor's estate as of the Petition Date.  First, the Debtor's conviction and the entire criminal proceeding have been abated, which calls into question whether the Property can ever be the proceeds or substitute proceeds of a crime which no longer exists.  Second, the argument actually advanced by the Defendants was that under the theory of relation-back, title to the Property vested with the Defendants as of the date that the criminal acts were committed, not after the Stipulation was so-ordered.  However, the statute under which the DA sought forfeiture has no applicable

17

relation-back provision. *Kuriansky v. Bed-Stuy Health Care Corp.,* 135 A.D.2d 160, 175, 525 N.Y.S.2d 225 (N.Y. App. Div. 1988). Therefore, defining the nature of the Property is not the critical issue under this particular statute. Article 13-A of the CPLR permits attachment of property whether or not it constitutes proceeds of a criminal enterprise.

The cases cited by the Defendants in support of their argument did not concern general theories regarding the nature of property and whether certain property could ever be property of a debtor's estate. Rather, the cases involved forfeiture statutes with relation-back provisions. In *In re Chapman,* 264 B.R. 565 (B.A.P. 9th Cir. 2001), the federal government had commenced a forfeiture action pursuant to 21 U.S.C. § 881, which specifically provides in subsection (h) that "[a]ll right, title, and interest in property [forfeited] shall vest in the United States upon commission of the act giving rise to forfeiture under this section." In *U.S. v. Kramer,* 2006 WL 3545026 (E.D.N.Y. December 8, 2006), the forfeiture action in question involved a federal criminal forfeiture statute which also specifically included a relation-back provision. There is no similar provision in Article 13-A of the CPLR. It is clear that title does not vest in the claiming authority until after a valid order of forfeiture has been entered, and there is no relation-back provision in this statute.

According to the Defendants, they raised two arguments which the Court overlooked in the underlying motion for summary judgment which concern the nature of the Property; 1) the Property never became property of the Debtor under Bankruptcy Code § 541 because a debtor cannot have a legally cognizable interest in property that constitutes criminal proceeds, and 2) to the extent the Debtor had any legally cognizable interest in the Property as of the Petition Date, he did not have an equitable right to possess, use or direct the use of the Property because the

18

Property had been seized prepetition.  As a result of the limitations imposed by the order of

attachment, the Property did not constitute property of the Debtor's estate under Bankruptcy Code

§ 541.  The Defendants are correct that pursuant to a Rule 60(b)(1) motion, the Court can consider

whether it overlooked an argument previously raised by a party.  However, there is no evidence

from the record before the Court that these arguments were briefed, argued, or even raised.  The

Defendants' sole argument in support of their assertion that the Property was not part of the

Debtor's bankruptcy estate was based on the theory of  relation-back.  The Defendants never

raised or cited to any case law regarding whether the Property was excluded from the Debtor's

estate based on any other legal theory.  The Defendants cannot utilize Rule 60(b)(1) to advance

new legal arguments they wish they had made at time the original motion was filed.  *Paddington*

*Partners v. Bouchard,* 34 F.3d at 1147 (citing *Nemaizer v. Baker*, 793 F.2d at 62).   It is not a

mistake of fact or law if the Court does not consider a legal argument which was never raised for

the Court to consider.   Therefore, the request to reconsider whether the Property constituted

proceeds of a crime is denied.

3) Whether the Court's conclusion that the now abated conviction occurred post-petition upon
entry of the Stipulation, not prepetition upon entry of the Debtor's plea constitutes an error of fact
which must be corrected under Rule 60(b)

Based on the intervening abatement of the criminal proceeding including abatement of the

plea, this issue is relevant only in that the plea was abated along with the entire criminal

proceeding.  To the extent the plea constitutes the conviction in this case, the Court shall correct

the record. However, altering the Decision to reflect that the conviction occurred as of the entry of

the plea does not change the Court's analysis regarding whether the Debtor was divested of the

Property prepetition.  The essential issue was whether the acts which took place prepetition, or

even post-petition, sufficed to divest the Debtor of an interest in the Property as of the Petition Date.   The Court found that divestment did not occur prepetition as the Stipulation had not yet been so-ordered.  In fact, the Defendants concede in their Reply Memorandum that as of the Petition Date, the Debtor had not yet signed the Stipulation, and state that "at the time the Debtor filed his petition, he still had the right to withdraw his plea and challenge the civil forfeiture." Defendants' Reply Memorandum dated April 29, 2009, note 7.  Recognizing that the  Debtor's plea constituted his conviction does not affect the Court's finding that the Debtor retained an interest in the Property as of the Petition Date.  In any event, the plea has been abated along with the criminal conviction and no longer stands.

4) Whether the Court made an error of law in its analysis of whether the post-petition actions of the Defendants in the forfeiture proceeding constituted an exception to the automatic stay pursuant to Bankruptcy Code § 364(b)(4)

In the Decision, the Court found that the issue of whether the actions taken by the Defendants post-petition were exempt under Bankruptcy Code § 362(b)(4) was not germane to the issues raised in the adversary proceeding.  However, the Court found that nothing regarding applicability of the automatic stay would change the Court's finding that as of the Petition Date, the Property belonged to the Debtor.  Contrary to the Defendants' assertions, this Court did not find that commencement or continuation of actions by the government in furtherance of its police or regulatory powers are not exempt from the stay.  Rather, this Court found that any action to seize the Property would not fall within the exception to the automatic stay set forth in Bankruptcy Code § 362(b)(4).  Given that the Stipulation, is now a nullity, there is no reason for the Court to decide whether any acts by the Defendants to take possession of the Property would be stayed.  This issue is not properly before the Court because, for the reasons set forth above, the

20

Defendants do not currently have any right to take possession or ownership of the Property. Therefore, the portion of the Decision regarding the applicability of the automatic stay to any action to take possession of the Property is vacated.  Based on the Court's rulings in the Decision which are unaffected, the Defendants are not stayed from commencing a forfeiture action so long as the action falls within the exception to the automatic stay set forth in Bankruptcy Code § 362(b)(4).  Because the Court has no information regarding what exactly the Defendants may do, the Court will not comment any further, except to state that the Trustee will be permitted to participate in any such action, armed with the powers conferred upon the Trustee under Bankruptcy Code § 544(a) and any other applicable statute.

*Conclusion*

For the reasons set forth above, the Motion is denied, except to correct that the forfeiture action against the Debtor was an action based on post-conviction forfeiture crimes, not pre-conviction forfeiture crimes.  Because the conviction of the Debtor, along with the entire criminal proceeding, was abated after the Court rendered the Decision, the post-conviction forfeiture action as set forth in Article 13-A of the CPLR is of no force and effect.  The Stipulation is of no force and effect as well, and the Defendants have no valid lien against or title to the Property.   As a result, the Court vacates the portion of the Decision which finds that any attempt to seize the Property pursuant to the post-conviction forfeiture action violates the automatic stay, because there is no valid post-conviction forfeiture proceeding pending.  To the extent that the Defendants seek to commence a forfeiture action against the Property, such action will not be stayed so long as the action falls within the exception to the stay set forth in Bankruptcy Code § 362(b)(4).  The

Trustee shall have the right to assert any defenses it has under the Bankruptcy Code including those granted under Bankruptcy Code § 544(a).  An order consistent with this Memorandum Decision shall be entered forthwith.

Dated: Central Islip, New York
     July 23, 2009             By: ***/s/ Robert E. Grossman***
                                 Robert E. Grossman
                                 United States Bankruptcy Judge